**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4186

ALLEYNE REED WRIGHT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-96-173-N)

Submitted: August 28, 1997

Decided: September 18, 1997

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Terry Noland Grinnalds, Hampton, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, John P. Corcoran, Special Assistant
United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alleyne Reed Wright appeals her criminal convictions for obstruction of justice and threatening with intent to retaliate against a witness in violation of 18 U.S.C.A. § 1503 (West 1984 & Supp. 1997) and 18 U.S.C.A. § 1513(b)(1) (West 1984 & Supp. 1997). Those convictions arose out of threats Wright made to a Government witness involved in the prosecution of Wright's son. After the witness's testimony, Wright made several threatening comments to the witness including threats of physical harm and statements implying that the witness was unwise to have testified. Wright raises only one issue on appeal. She contends that the evidence at trial was insufficient to support her conviction under the two statutes.

Considering the evidence in a light most favorable to the Government, as we must, Glasser v. United States, 315 U.S. 60, 80 (1942), there was sufficient evidence to support both convictions. Wright addressed the witness loudly and clearly and said,"You dirty bitch, I ought to kick your ass." She continued, "If it weren't for shame, I would kick your ass." She also told the witness that she could have perjured herself and testified that she did not know anything about the case. When the witness protested that she could be imprisoned for perjury, Wright responded, "Oh, they just tell you that. Them people ain't going to lock you up. They just tell you that to scare you." As Wright left, she turned to the witness one final time and told her, "I ought to kick your ass." The primary thrust of Wright's appeal is that because some of her comments were conditional based on her sense of "shame," they were not threats within the meaning of the statutes.

The elements of a violation of 18 U.S.C.A. § 1513 are (1) knowing engagement in conduct (2) either causing, or threatening to cause, bodily injury to another person (3) with the intent to retaliate for, inter alia, the attendance or testimony of a witness at an official proceeding. See United States v. Cofield, 11 F.3d 413, 419 (4th Cir. 1993). Wright does not contest the Government's proof on either the first or third element. Rather, Wright asks this court to hold that no rational trier of fact could have found that her comments amounted to threatening to cause bodily injury to the witness. See Glasser, 315 U.S. at

2

80. For statutes that prohibit threatening communication, we have employed an objective, "reasonable person's standard," to determine whether the defendant communicated a true threat. See, e.g., United States v. Darby, 37 F.3d 1059, 1064-65 (4th Cir. 1994) (prosecuting under 18 U.S.C. § 875(c) (1994)). The witness testified that she believed Wright's statements to be serious threats. In addition, she stated that she believed Wright "ran Williamsburg," Virginia, and had people who could carry out her threats. We have no difficulty holding that, in light of the witness's knowledge of Wright's alleged involvement in the drug trade, the witness reasonably believed Wright had communicated a true threat. We do not find that Wright's making her threat conditional on the nebulous existence of "shame" rendered the witness's belief in the threat unreasonable. Viewed in the light most favorable to the Government, this evidence is sufficient to support the district court's verdict. See Darby, 37 F.3d at 1067.

The same analysis holds for Wright's conviction under 18 U.S.C.A. § 1503. The elements of obstruction of justice under § 1503 are (1) a pending judicial proceeding (2) of which the defendant has knowledge or notice and (3) action on the part of the defendant intended to influence, obstruct, or impede the proceeding in its due administration of justice. See United States v. Grubb, 11 F.3d 426, 437 (4th Cir. 1993). That action may include a "threatening . . . communication." 18 U.S.C.A. § 1503. Wright does not contest the existence of the first two elements. She only contends that her comments were not threatening. However, the witness's belief in this case that Wright had made a true threat was equally reasonable under § 1503 as it was under § 1513. There was sufficient evidence to support this conviction as well.

Wright's reliance on Watts v. United States, 394 U.S. 705 (1969), is unconvincing. In Watts, the Supreme Court faced the difficult task of interpreting a statute prohibiting threats against the life of the President in the face of the competing interest in the freedom of political speech. Ultimately reversing the conviction, the Court concluded that the Government had not proved a real threat had been made. Id. at 708. Here, not only is the competing interest of free speech significantly diminished, but, Wright's threat, made conditional only on the undefined concept of "shame," was real enough to force the witness

3

to seek protection from the Government and flee her home in Williamsburg.

Wright also cites <u>United States v. Crews</u>, 781 F.2d 826 (10th Cir. 1986), as embodying a more real conditional threat that provided sufficient evidence to support a conviction for extortion. Crews threatened to kill President Reagan if he ever traveled to Sheridan, Wyoming. <u>Id.</u> at 829-30. It appears to this court, however, that construing the evidence in a light most favorable to the conviction, Wright is more likely to lose her sense of "shame" and make good on her threats against the witness, than President Reagan was to travel to Sheridan so that Crews could make good on his. Consequently, <u>Crews</u> does not advance Wright's cause.*

Wright's contention that there was insufficient evidence to convict her is without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____
*Wright cites three additional cases. None of them alters the conclusion that a reasonable person could have considered Wright's comments a true threat. <u>See United States v. Cox</u>, 957 F.2d 264 (6th Cir. 1992) (affirming conviction based on conditional threat where condition could not be met); <u>United States v. Hoffman</u>, 806 F.2d 703 (7th Cir. 1986) (holding threat conditioned on President Reagan's failure to resign sufficient to support conviction); <u>United States v. Bozeman</u>, 495 F.2d 508 (5th Cir. 1974) (upholding conviction on a direct threat to kill).

4